Chief Justice-Robertson
delivered the Opinion of the Court in this-case — which was heard before Judge Ewino took his seat upon the bench.
M’Farland and his wife — the latter of whom had been-the widow of Robert Edwards, a deceased captain in the army of the United States, during the last war with Great Britain — brought an action of assumpsit against the executor ©f her deceased father, Jacob Sodowsky, for money which he had received for her, from the government, prior to 1817, and which he had loaned, for her use, to one John Lowry, who became insolvent within about three years after the loan.
Upon the general issue, and a special issue on a plea 0f the statute of limitations, the jury found a verdict for fifteen hundred and sixty dollars and twenty one cents in damages:, for which the court rendered judgment against the executor, who now seeks a reversal.
The judgment will be reversed on two grounds:—
First. If the appellant be legally liable for any thing,. ^'1S utmos^ lability, according to any allowable deduction- from the evidence, could not be extended beyond the principal sum loaned to Lowry, (seven hundred and1 seventy nine dollars,) and six per cent., interest thereon from the 23d of January, 1818 — amounting' in the aggregate to only fifteen hundred and fifty dollars fifty four cents. The verdict and judgment are therefore exces *205 give — there being no proof that more than seven hundred and seventy nine dollars of Mrs. M’Farland’s money ever came to the hands of her father.
One who is the mere depository or mandatory of the money of another, and does-not use it as his-own, is answerable for the loss-of it only in case of gross neglect on his part. .-And-where the bailment is such as t O' render the bailee accountable,# he lends the money to one who fails,, whereby itislost,. the bailee’s liability accrues as-soon as the failure is known, and is-barred in five-years, by the statute of limitations, unless a new promise to> pay, or acknowledgment of the1 obligation, within five years, is shown, and coupled with a good» consideration.
A father,entrusted with money,of his daughter’s, lends it; the borrower fails, and. it is lost. The father dies, andida executor is sued forthemoney: pleas — non assumpsit, and limitations. Proof — that the father, witli’n five years, when the plaintiff was not present, had said, that “he had loaned his daughter’s money to L. and would make it good to her” — also that, mentioning the loan #c. he said it had been lost- by his negligence in not bringing suit — and he would pay it: held that inthc absence ot any evidence as to the character of bailment, or to show that it was the duty of the father to bring the suit, there was not sufficient evidence of a good consideration to support the promise,, and. authbrize a jury to find for plaintiff’.
Second. It does not appear, that the testator held or used his daughter’s money for his own benefit, or as his own money; and the only proper inference from the evidence, is, that he acted, in respect to it, in the capacity of her depository or mandatory. And consequently, if he was ever liable to an action by her, on account of the fund thus bailed to him, he was liable only because the amount was lost in consequence of his culpable negligence; and the cause of action, if any ever existed against him, accrued when Lowry failed. Such a cause of action being legal, and therefore within the operation of the statute of limitations, and Lowry’s failure having been ascertained more than five years before the institution of this suit, the jury ought to have found for the appellant, unless they had a right to infer from the facts, which were proved, that the testator had, within five years, made either an express promise, or acknowledgment, on a sufficient consideration, imposing a new legal obligation to pay. The suit could be maintained on such an obligation only; and therefore, there should have been no recovery unless the facts authorized the deduction that such an obligation had been created within five years before the institution of the suit. A naked promise or acknowledgment within . five years, would not be sufficient; a binding consideration is indispensable and must have been11 coupled’’’’ with the promise or acknowledgment.
Two witnesses were examined for the purpose of establishing facts to take the case from the operation of the statute of limitations. One of them said, that .the testator declared that he had loaned his daughter’s money to Lowry, and ifwould make it good to her.” The other sta *206 ted, that he said, only a few weeks before his death, that “/¿e had lost money by Lowry’s failure, that he had u loanéd him between seven and eight hundred dollars of « j^g daughter Mrs. M’Farland’s money; that it had “ been lost in consequence of his negligence in bringing “ suit; but that his estate was good for the principal, and u its interest, and he would pay it.”
As neither of the appellees was present when either of those declarations was made, there is no proof of any express promise to them, or to either of them. But if the acknowledged facts were sufficient to show that the testator was, when he admitted them, under an obligation to pay the money, the law implied a promise to do so, even though neither of the appellants was present. For the admission to the witnesses alone was evidence of the truth of the facts which he admitted; and if those facts showed that there was then a subsisting debt, and that it was his duty to pay the money, a promise to do so was the deduction of the law from that fact; and of course there would, in that event, be proof of a promise to the appellees.
But it seems to us that the facts admitted, if they had been conclusively established, are not sufficient to show that the testator was under any legal obligation to pay the money which he had loaned to Lowry, or that he promised to pay it on a sufficient consideration, or acknowledged it as a subsisting debt.
The facts stated by the first witness are undoubtedly insufficient; for they show no consideration whatever; and, as an express promise to the appellees themselves, without proof of any consideration, could not have been enforced, a similar promise to a stranger would impose no legal obligation.
The acknowledgment to which the other witness testified, is, in our opinion, liable, though less obviously, to the same objection.
The simple fact, that the money loaned to Lowry had been lost in consequence of the testator’s “negligence in bringing suit,” is not per, se, proof that he was therefore legally responsible to his daughter. Was he a bailee,, and of what kind? Was it his exclusive province to de *207 cide whether and when a suit should be brought? And if it were, what degree of diligence did the law require? and of what kind of “wegiigence” was he guilty — slight, ordinary, or gross? An answer to these questions, or some of them, is necessary, before we can ascertain that the testator was ever liable for the money. The acknowledgment, as described by the witness, furnishes no certain or satisfactory answer; but leaves the essential question of legal liability to vague speculation and conjecture. The testator may have believed that he had been negligent, and have therefore felt conscious of some honorary obligation; but nevertheless he may not have been grossly or even ordinarily negligent, and may not have incurred any legal liability.
Without proof of the fact, that it was his duty to direct the institution of a suit, and proof of the degree of diligence which the bailment imposed on him, and proof also of the Mnd of negligence of which he had been guilty, there is no sufficient ground for inferring that his “negligence” had rendered him legally liable for the debt: especially as his declaration to the witness may authorize the inference, that he had, in consequence of the same “negligence,” lost his own money also. The acknowledgment shows only that the testator believed that there had been a time when his daughter’s money could have been made out of Lowry’s estate; that he had neglected to have a suit brought for it at the moment when such an experiment might have eventuated successfully; and that therefore, as he had loaned the money for her use, he was willing to indemnify her.
There was no express promise to the appellees, because they were not present; there was no express acknowledgment of the subsistence of a debt, because the declaration by the testator to a stranger, that he would pay, is not necessarily an acknowledgment that he owed and was bound to pay; and the law will not imply a promise on an implied acknowledgment. But should the acknowledgment be deemed express, a binding consideration must also appear, and such a consideration has not, in our opinion, been proved in this case; because, conceding the full effect of the admission, that *208 the debt on Lowry had been lost in consequence of the testator’s “negligence” in bringing suit, his liability to the appellants is not the necessary legal deduction from that acknowledged fact alone; and the jury had no right to presume that which was not admitted or proved. The law either implied a liability, from the fact admitted, or it did not, and that implication must be the necessary and natural legal effect of the fact itself — because no other facts were proved.
Whether the law implies a promise, from a given ■state of fact, is a question of law to be decided by the court.
Now, for reasons already suggested, we think that the law did not imply an obligation from the unexplained and unaided fact, that the testator, as a bailee, whose character and duties are also unexplained, had been negligent in bringing suit, and that therefore, in his opinion, the bailor’s debt had been lost; because his liability was not the clear and necessary consequence of the fact of negligence without other proof.
It was incumbent on the appellants to prove a promise by the testator, or such facts as would necessarily raise the legal implication of such a promise by him, as imposed on him a legal obligation. The import and legal effect of the only facts which they attempted to prove, being, at the utmost, altogether doubtful, the law did not imply a legal obligation.
Whether the law implied a promise to pay, is a question of law; and we oannot decide, as a matter of law, that,- upon the facts proved, the law implied a promise; because the acknowledgment does not, of itself, import, as a deduction of law, that there was a binding consideration.
Wherefore, it seems to this court that the verdict was not authorized by the proof.
And therefore the judgment mtist be reversed, and the cause remanded for a new trial.